# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**JOYCE JOHNSON**, *Individually,*
*and on behalf of herself and other similarly*
*situated current and former employees*,

Plaintiff,

v.                                                                NO. _____

**AMERICAN HEALTH COMPANIES, INC.,**              **FLSA Opt-In Collective Action**
*a Tennessee Corporation,*                                        **JURY DEMANDED**

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Joyce Johnson ("Plaintiff"), individually, and on behalf of herself and all other similarly situated Certified Nursing Assistants ("CNAs") as a class, bring this Fair Labor Standards Act ("FLSA") collective action against American Health Companies, Inc. ("Defendant") and shows as follows:

### I.   NATURE OF SUIT

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated CNAs, as defined herein.

2. During all times material, Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

3.  Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

1

## II.     PARTIES

4. Plaintiff Joyce Johnson was employed by Defendant as an hourly-paid, non-exempt CNA within this district at all times material to this collective action. Ms. Johnson's consent to join form is attached as *Exhibit A*.

5. Defendant American Health Companies, Inc. is a Tennessee Corporation authorized to do business, and is currently doing business, in the State of Tennessee with its principal place of business being located at 201 Jordan Road (Suite 200), Franklin, Tennessee 37067-4495. According to the Tennessee Secretary of State, Defendant may be served via its Registered Agent: Kevin Norwood, 201 Jordan Road (Suite 200), Franklin, Tennessee 37065-4495 or wherever it may be found.

## III.     JURISDICTION AND VENUE

6. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant does business in this district and Plaintiff was employed by and performed work for Defendant in this district during all times material to this action.

## IV.     CLASS DESCRIPTION

8. Plaintiff brings this action on behalf of herself and the following similarly situated persons as a class:

> All current and former hourly-paid Certified Nursing Assistants of Defendant during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b).  (Collectively, "the class").

## V.     COVERAGE

9. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. Throughout the statutory recovery period applicable to this action, Defendant knew the law required that the employees who worked for it were to be paid overtime for each hour they worked over forty (40) in any given workweek.

13. Plaintiff and those similarly situated, as employees of Defendant, were engaged in commerce during all times material to this collective action.

14. At all times material to this action, Defendant has been an "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

15. At all times hereinafter mentioned, Plaintiff and those similarly situated were "employees" of Defendant as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI.   FACTUAL ALLEGATIONS

16. Defendant oversees all aspects of operations for twenty-nine (29) skilled nursing and rehabilitation centers in the Southeast, according to its website.

17. Plaintiff Johnson was employed by and worked for Defendant as a CNA at its Harbor View and Rehabilitation Center in Memphis, Tennessee during all times material to this action.

18. Defendant established and administered the pay practices of Plaintiff and other similarly situated CNAs during the three (3) years preceding the filing of this collective action.

19. Plaintiff and other similarly situated CNAs worked in excess of forty (40) hours per within weekly pay periods during the three (3) years preceding the filing of this collective action complaint, when including the "edited-out/shaved" meal period times and "off-the-clock" work times, as described below.

20. At all times material, Defendant had a centralized time keeping system for the purpose of recording the hours worked by Plaintiff and those similarly situated which system involved a "clocking-in" and "clocking-out" process as well as an "editing-in" and "editing-out/shaving" feature.

21. Defendant had a common plan, policy and practice of automatically "editing-out/shaving" a 30-minute meal period during each work shift of Plaintiff and other similarly situated CNAs, irrespective of whether they were fully relieved and/or performed job duties during such "edited-out/shaved" 30-minute meal periods.

22. Given the job duties and responsibilities of Plaintiff and other similarly situated CNAs, they were not fully relieved of their job duties and responsibilities and/or performed job duties during such "edited-out/shaved" 30-minute meal periods for which times they were not compensated at the applicable FLSA overtime compensation rate of pay within weekly pay periods during all times material.

23. Plaintiff and those similarly situated complained to Defendant about not being compensated at the applicable FLSA overtime compensation rates of pay for such 30-minute unpaid meal periods during which times they were not fully relieved of their job duties and/or performed job duties within weekly pay periods during all times material to this collective action.

24. Nonetheless, Defendant failed to "edit-in" these uncompensated 30-minute meal times into its time keeping system or, otherwise compensate Plaintiff and other similarly situated CNAs for such unpaid meal times when they were not fully relieved of their job duties and/or performed job duties during such unpaid meal break times.

25. Defendant did not have a plan, policy, or practice that prohibited Plaintiff and other similarly situated CNAs from performing job duties during such 30-minute unpaid meal breaks or a system and process by which they could be relieved of their job duties during such unpaid meal break times.

26. Defendant did not provide Plaintiff and class members with some type of log or document on which to record the time they were not relieved from their job duties, and/or performed job duties, during such 30-minute unpaid meal breaks.

27. The unpaid "edited-out/shaved" meal period claims of Plaintiff and those similarly situated are unified through a common theory of Defendant's FLSA violations.

28. Defendant also had a common plan, policy and practice of requiring, forcing, expecting and/or, suffering and permitting, Plaintiff and those similarly situated to perform work while not "clocked-in" to Defendant's time keeping system.

29. Specifically, Plaintiff and other CNAs were required, forced, expected and/or, suffered and permitted, to commence performing their regular job duties and "pass downs" prior to the start time of their respective shifts and, in doing so performed "off-the-clock" work prior to the start time of their shifts within weekly pay periods during all times material, without being compensated for such "off-the-clock" work at the applicable FLSA overtime rates of pay.

30. Plaintiff and other CNAs were required to arrive prior to the beginning of their scheduled shifts to participate in a "pass down" with those working immediately prior to them. During this time, the prior shift would bring arriving CNAs up to speed on what was occurring with patients on that shift. This "pass down" time prior to the beginning of scheduled shifts was uncompensated time.

31. Defendant knew and was aware it was not compensating Plaintiff and those similarly situated CNAs for the time they performed such "off-the-clock" "pass down" work prior to the beginning of their scheduled shifts.

32. Defendant failed to "edit-in" to its timekeeping system or compensate Plaintiff and those similarly situated for the time they performed work while not "clocked-in" to the timekeeping system at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

33. Defendant did not have a plan, policy, practice that prohibited Plaintiff and other similarly situated CNAs from performing job duties "off-the-clock".

34. Defendant did not provide Plaintiff and class members with some type of log or document on which to record their "off-the-clock" work times.

35. The aforementioned "off-the-clock" wage claims of Plaintiff and those similarly situated are unified though a common theory of Defendant's FLSA violations.

36. Defendant's common plan, policy and practice of not compensating Plaintiff those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

37. Defendant's failure to compensate Plaintiff and those similarly situated for the aforementioned "edited-out/shaved" meal times when they were not fully relieved of their job duties, or were performing job duties, during such meal times, and for the times they performed work in excess of forty (40) hours per week while not "clocked-in" to its time keeping system was willful with reckless disregard to the FLSA and, without a good faith basis for such conduct.

38. Moreover, Defendant did not pay Plaintiff and similarly situated hourly-paid, non-exempt CNAs on a weekly or bi-weekly basis but rather on a semi-monthly or bi-monthly basis. This type of payroll practice, usually reserved for salaried employees, results in errors in the calculation of hourly-paid employees overtime.

39. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

40. Defendant's common plan, policy and practice of not compensating Plaintiff those similarly situated for all their compensable overtime hours at the applicable FLSA overtime

rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

41. The net effect of Defendant's common plan, policy, and practice of practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this collective action is it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII.  FLSA COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this case as a collective action on behalf herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

43. Plaintiff seeks to pursue her aforementioned unpaid "edited-out/shaved" and "off-the-clock" overtime wage claims against Defendant on behalf of herself, individually, and on behalf of herself and all other similarly situated CNAs as a class.

44. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

45. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping, pay practices and compensation plans, policies and practices.

46. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a

risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

47. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims

48. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

49. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damage to Plaintiff and the collective class.

50. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

51. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

52. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

53. Plaintiff estimates there are several hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records

and documents.

54. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's facilities.

55. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## **COUNT I**
**(Violation of the Fair Labor Standards Act)**

56. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

57. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

58. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

59. At all times material, Defendant was an "employer" of Plaintiff and each of the class members, as such term is defined by the FLSA.

60. Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

61. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

62. As a result of Defendant's common plan, policy and practice of "editing-out/shaving" 30-minute meal break periods of Plaintiff and class members during which times they performed job duties and/or were not fully relieved of their job duties and its failure to

compensate them for such time at the applicable FLSA overtime compensation rates of pay, as previously described, it has violated the FLSA and is liable to them for such unpaid overtime compensation.

63. Likewise, as a result of Defendant's common plan, policy and practice of requiring, forcing, expecting and/or, suffering and expecting, Plaintiff and class members to commence performing their regular job duties prior to the start time of their scheduled shifts and its failure to compensate them for their "off-the-clock" work time at the applicable FLSA overtime compensation rates of pay, as previously described, it has violated the FLSA and is liable to them for such unpaid overtime compensation.

64. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

65. Through its actions, plans, policies and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

66. Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

67. Defendant's actions were not in good faith.

68. The unpaid overtime "edited-out/shaved" and "off-the-clock" claims of Plaintiff and the

class are unified through common theories of Defendant's FLSA violations.

69. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

70. Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members FLSA statutory damages against Defendant;

b) Award Plaintiff and class members all unpaid overtime compensation against Defendant;

c) Award Plaintiff and class members for an amount equal to their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

d) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

e) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an opt-in collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

m) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: February 4, 2020.                    Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***